53 F.3d 328
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Leonard HARRIS, Plaintiff-Appellant,
v.
K & K INSURANCE AGENCY, INCORPORATED; Don Dewitt,
Defendants-Appellees.
 No. 93-2345.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 11, 1994
Decided: April 10, 1995
 
 ARGUED: Oldrick Joseph LaBell, Jr., Newport News, VA, for Appellant. Alice Ann Berkebile, MCGUIRE, WOODS, BATTLE & BOOTHE, Richmond, VA, for Appellees.
 ON BRIEF: E. Duncan Getchell, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, Richmond, VA, for Appellees.
 Before WILKINS, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Leonard Harris appeals a decision of the district court dismissing this action as barred by the applicable statute of limitations. He contends that the action was filed timely because the statute of limitations had been tolled under the continuing undertaking doctrine. We affirm.
 
 I.
 
 2
 In 1984, Harris leased a racetrack known as the Virginia Raceway. The lease contained a provision requiring Harris to maintain liability insurance and to insure the improvements and personal property for loss due to fire for the benefit of the racetrack's owners. Harris obtained insurance through K & K Insurance Agency, Incorporated (K & K). At some point prior to March 1988, the owners of the racetrack questioned whether Harris had obtained adequate insurance under the lease provisions. Harris' wife mailed the racetrack lease to Don DeWitt, an employee of K & K, for him to review and determine whether Harris was in compliance with the insurance provisions. DeWitt returned the lease with a cover letter stating, "you have all necessary coverage for Virginia Raceway."
 
 
 3
 On March 26, 1989, a fire at the racetrack destroyed the principal building and damaged other improvements to the property. Harris submitted claims for the loss to K & K on April 22, 1989 and February 6, 1990. Harris contacted agents of K & K after the loss, and they assured him on April 22, 1989, May 3, 1989, and February 6, 1990, that the loss would be paid. However, the insurance company from which the insurance had been purchased, Transamerica Insurance Group, eventually denied the claim under a policy provision excluding coverage for "liability assumed by the insured under any other contract or agreement." It is undisputed that the Transamerica policy did not cover the loss.
 
 
 4
 Harris filed this action against K & K and Don DeWitt in December 1992 in a Virginia court, claiming that they had breached a contractual duty and were negligent in failing to ensure that he had coverage for the loss occasioned by the fire. The action was removed to the United States District Court for the Eastern District of Virginia on the basis of diversity of citizenship, and the parties consented to reference of the action to a United States magistrate judge for disposition. Thereafter, K & K and DeWitt moved to dismiss, arguing that Harris' cause of action accrued on March 26, 1989 and was therefore barred by the applicable statute of limitations. After permitting Harris an opportunity to amend his complaint, the magistrate judge granted the motion.
 
 
 5
 The magistrate judge determined that the three-year statute of limitations governing implied contracts to provide services was applicable. See Va.Code Ann. Sec. 8.01-246(4) (Michie 1992); Boone v. C. Arthur Weaver Co., 365 S.E.2d 764, 766 (Va.1988). Noting that the loss for which Harris sought relief occurred on March 26, 1989, the magistrate judge concluded that Harris' cause of action accrued on that date, see Va.Code Ann. Sec. 8.01-230 (Michie 1992), and that the limitations period was not tolled under the continuing undertaking doctrine or an equitable estoppel theory. Accordingly, the magistrate judge dismissed Harris' action as barred by the three-year statute of limitations.
 
 
 6
 Harris appealed, raising only the question of whether the magistrate judge erred in refusing to find that the statute of limitations did not begin to run under the continuing undertaking doctrine until at least February 1990--a date within the limitations period.
 
 II.
 
 7
 Under the continuing undertaking doctrine, " 'where there is an undertaking or agency which requires a continuation of services, the statute of limitations does not begin to run ... until the termination of the undertaking or agency.' " Keller v. Denny, 352 S.E.2d 327, 329 (Va.1987) (alteration in original) (quoting Riverview Land Co. v. Dance, 35 S.E. 720, 722 (Va.1900)). The Virginia courts have addressed the application of this doctrine in a number of different contexts. See, e.g., Boone, 365 S.E.2d 764 (accountants); Keller, 352 S.E.2d 327 (attorneys); Farley v. Goode, 252 S.E.2d 594 (Va.1979) (dentists); Comptroller of Va. ex rel. Virginia Military Inst. v. King, 232 S.E.2d 895 (Va.1977) (architects). However, no decision of the Virginia appellate courts had discussed whether the continuing undertaking doctrine would apply to an insurance agent or agency. The lack of controlling precedent led us to certify the following questions of law to the Supreme Court of Virginia pursuant to Rule 5:42 of the Rules of the Supreme Court of Virginia:
 
 
 8
 (1) Does the continuing undertaking doctrine apply to insurance agents and agencies?
 
 
 9
 (2) On the facts presented, would the continuing undertaking doctrine apply to toll the limitations period from running on these claims until a time within the limitations period?
 
 
 10
 In answer to these certified questions, the Supreme Court of Virginia held that the continuing agency doctrine was inapplicable to actions by an insured against insurance agencies and their brokers. Harris v. K & K Insurance Agency, Inc., No. 941105, 1995 WL 11450, at * 4 (Va. Jan. 13, 1995). Further, the court concluded that the inapplicability of the doctrine was dispositive of the issues raised by both of the certified questions. Id.
 
 
 11
 The decision of the Supreme Court of Virginia that the continuing undertaking doctrine does not apply under these circumstances requires that we affirm the decision of the district court.
 
 AFFIRMED